986 F.2d 1422
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert RIVERA, Petitioner-Appellant,
v.
Arthur TATE, Jr., Respondent-Appellee.
 No. 92-3518.
 United States Court of Appeals, Sixth Circuit.
 Feb. 3, 1993.
 
 Before KENNEDY and RALPH B. GUY, JR., Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Robert Rivera, an Ohio prisoner who is represented by counsel, appeals a district court order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On June 10, 1988, a Cuyahoga County, Ohio, jury convicted Rivera of one count of trafficking in drugs. He received a sentence of seven to twenty-five years with five years actual incarceration, plus a $7,500 fine. On November 9, 1989, the Ohio Eighth District Court of Appeals affirmed the conviction. Rivera's motion for reconsideration of the appellate court decision was denied on November 30, 1989. On April 4, 1990, Rivera's motion for leave to appeal to the Ohio Supreme Court was dismissed, sua sponte, for failure to raise a substantial constitutional question.
 
 
 3
 In his habeas petition, Rivera advanced fourteen claims for relief. Specifically, he claimed he was denied his right to: 1) due process, because the trial court refused to grant him a continuance even though he was advised of a new prosecution witness on the day of trial; 2) confront witnesses, because Rivera was not allowed to obtain the address of a prosecution witness; 3) confront witnesses, because a prosecution witness was allowed to read a written statement that had been impugned on cross-examination; 4) a fair trial, because the trial court allowed an informant's tape recording into evidence; 5) due process and a fair trial, because the trial court allowed statements of co-conspirators into evidence; 6) due process and a fair trial, because a prosecution witness was allowed to testify to matters not within personal knowledge; 7) due process, because the trial court improperly defined the term "controlled substance;" 8) and 9) due process, because of improper jury instructions on the law of aiding and abetting; 10) a fair trial, because the prosecutor made prejudicial statements in his closing argument; 11) due process and a fair trial, because the trial court assumed the existence of material facts; 12) due process and a fair trial, because the trial court refused to give certain instructions to the jury regarding consideration of statements of co-conspirators; 13) due process, because the trial court allowed the jury to deliberate even though there was insufficient evidence to convict; and 14) freedom from cruel and unusual punishment, because the sentence received was not proportional to the seriousness of the crime.
 
 
 4
 The matter was referred to a magistrate judge who recommended that the petition be denied. Upon de novo review of the magistrate judge's report and recommendation and Rivera's objections, the district court adopted the report and recommendation as to all fourteen claims. The court also held that the cumulative effect of the trial court's alleged errors did not rise to the level of a denial of fundamental fairness, and that Rivera's right to a fair trial was not denied. Rivera's Fed.R.Civ.P. 59 motion was denied in a marginal order entered April 28, 1992.
 
 
 5
 Upon review, we affirm the order of the district court because Rivera has not shown he was denied a fundamentally fair trial. Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990).
 
 
 6
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.